IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JOANNA ESTES,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE<br>Commissioner of Social Security,<br><br>    Defendant. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Case No. 1:10-cv-0015<br><br>Judge Clark Waddoups |

  This case was assigned to United States District Court Judge Clark Waddoups, who then referred it to United States Magistrate Paul M. Warner under 28 U.S.C. § 636(b)(1)(B). On June 15, 2011, Judge Warner issued a Report and Recommendation, recommending that the court affirm the Administrative Law Judge's determination that Plaintiff Joanna Estes is not eligible for Disability Insurance Benefits ("DIB") or Supplemental Security Income ("SSI") and deny Plaintiff's motion to supplement the record. Plaintiff filed an objection to the Report and Recommendation on June 18, 2011 and moved to remand the case to the Commissioner for reevaluation. After having reviewed the file *de novo*, the court approves and adopts Judge Warner's Report and Recommendation in its entirety. In addition, for the reasons stated below, the court denies Plaintiff's motion to remand the case to the Commissioner.

## ANALYSIS

  Plaintiff argues that the court should remand this case to the Commissioner on the ground

that new evidence has come to light which may have changed the outcome of the case. Under the sixth sentence of 42 U.S.C. 405(g), the court may "at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."[1]

Plaintiff has asserted three pieces of "new" evidence that she believes should compel the court to remand the case to the Commissioner for reevaluation pursuant to the sixth sentence of Section 405(g): (1) operative notes detailing Plaintiff's left carpal tunnel release surgery; (2) notice of favorable decision from the Social Security Administration based on the same grounds as the application at issue in this case; and (3) results of a psychological examination dated February 10, 2010. Plaintiff has not met the requirements outlined in the sixth sentence of Section 405(g) with regard to any of the pieces of evidence she suggests the court should rely on to order a remand.

Plaintiff has not met her burden of showing "good cause for the failure to incorporate" the operative notes detailing her previous surgery into the record that was before the Administrative Law Judge ("ALJ") prior to his decision at issue in this case. In order to remand this case under sentence six of Section 405(g), the court is required to make a finding that Plaintiff has shown good cause for

---

[1] 42 U.S.C. 405(g) allows courts to remand DIB or SSI cases under both the fourth sentence and the sixth sentence. A fourth sentence remand is one that is made "in conjunction with a judgment affirming, modifying, or reversing the [Commissioner's] decision." *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991). As the court has approved and adopted Judge Warner's Report and Recommendation, a fourth sentence remand is inappropriate in this case. As Plaintiff is seeking to have the case reviewed "in light of additional evidence without making any substantive ruling as to the correctness of the Secretary's decision," sentence six is the relevant standard by which Plaintiff's motion to remand should be evaluated. *Id*.

her failure to incorporate the evidence into the record before the initial ALJ. *Melkonyan v. Sullivan*, 501 U.S. 89 (1991) (refusing to treat the district court's remand as a sentence six remand because know finding of "good cause" had been made).

Plaintiff argues that she has good cause for failing to introduce the operative notes into the record because her attorney requested the notes but was unable to obtain possession of them prior to the ALJ's decision. To support her argument, Plaintiff has presented office notes from her counsel indicating that a request for the records was made by fax on May 7, 2008. *See* Office Notes, Ex. 1 (Dkt. No. 20.) Plaintiff has not provided a sufficient showing of good cause for the failure to introduce the operative notes into the record before the ALJ. The ALJ did not issue his final decision in the matter until September 24, 2008, more than four months after Plaintiff's counsel allegedly made a request for the operative notes at issue. That was more than enough time for Plaintiff or her counsel to follow up on the request to ensure that the relevant notes were included in the record. Plaintiff's failure to exercise the diligence necessary to obtain the operative notes does not meet the good cause requirement of sentence six. The court, therefore, is not permitted to remand the case on the basis of Plaintiff's subsequent procurement of the notes more than two years after her initial request. *See* Pls.' Reply Supp. Mot. to Supplement the Record, 2 (Dkt. No. 20.)

Plaintiff's argument also fails with regard to the notice of favorable decision from the Social Security Administration. On April 9, 2010, the Social Security Administration issued a notice finding Plaintiff disabled as of September 25, 2008, one day after the ALJ's final decision at issue in this case. While such a finding may suggest a potential inconsistency with the ALJ's decision at issue in this case, courts have held that a subsequent favorable decision is not sufficient, by itself,

to warrant a sentence six remand. *See Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 653 (6th Cir. 2009) ("Under sentence six, the mere existence of the subsequent decision in [the plaintiff's] favor, standing alone, cannot be evidence that can change the outcome of his prior proceeding. A subsequent favorable decision may be supported by evidence that is new and material under § 405(g), but the decision is not itself new and material evidence."); *Mosley v. Astrue*, No. 09-CV-02005-LTB, 2010 U.S. Dist. LEXIS 105775, *15 (D. Colo. September 20, 2010) (unpublished) (a "subsequent award of benefits, standing alone, does not mandate remand."). *See also Jackson v. Astrue*, No. 10-2118, 402 Fed. Appx. 717, 2010 U.S. App. LEXIS 24076, **3 (3d Cir. Nov. 23, 2010) (unpublished) ("Standing alone, the fact that the Commissioner subsequently found claimant to be disabled does not warrant remand or reversal in the absence of new and material evidence."); *Winston ex rel. D.F. v. Astrue*, No. 08-41211, 341 Fed. App'x 995, 2009 U.S. App. LEXIS 19227, **6 (5th Cir. Aug. 25, 2009) (unpublished) ("Whether a subsequent application is approved is of no moment to the question of whether the prior application was meritorious at the time of consideration."); *Douglas ex rel. Patterson v. Comm'r of Soc. Sec.*, No. 04-16235, 2005 WL 3116634, *1 (11th Cir. Nov. 23, 2005) (unpublished) ("A subsequent award of benefits is irrelevant to this case."). *But see Hayes v. Astrue*, 488 F. Supp. 2d 560, 565 (W.D. Va. 2007) ("[W]here a second social security application finds a disability commencing at or near the time a decision on a previous application found no such disability, the subsequent finding of a disability may constitute new and material evidence.").

Remand under sentence six is "not meant to address the correctness of the administrative determination made on evidence already before the initial ALJ." *Allen*, 561 F.3d at 653 (citing

*Melkonyan*, 501 U.S. at 98) (internal quotation marks removed).  The mere fact that a subsequent evaluation of the evidence originally before the initial ALJ resulted in a contrary determination of Plaintiff's disability status is not "new evidence" that would permit a remand under sentence six. Without a showing that the subsequent favorable decision was based on new material evidence, and that Plaintiff had good cause for not incorporating the new evidence into the record before the initial ALJ, the court cannot remand a case under sentence six.

Finally, Plaintiff has failed to show that the results of a psychological examination conducted after the final ALJ decision at issue in this case meet the sentence six standard for remand. In order for new evidence to be considered material for purposes of a sentence six remand, the court "normally must determine that the new evidence would have changed the [Commissioner's] decision had it been before him." *Hargis v. Sullivan*, 945 F.2d 1482, 1493 (10th Cir. 1991).  *See also Moore v. Astrue*, No. 07-4124, 274 Fed. Appx. 719, 2008 U.S. App. LEXIS 8740, **4 (10th Cir. Apr. 22, 2008) (unpublished).  "Implicit in this requirement is that the proffered evidence relate to the time period for which the benefits were denied."  *Hargis*, 945 F.2d at 1493.  *See also Williams v. Barnhart*, No. 05-1298, 178 Fed. Appx. 785, 2006 U.S. App. LEXIS 10708, **19 (10th Cir. Apr. 27, 2006) (unpublished) ("A remand is not appropriate in this case because the new evidence does not demonstrate that the findings relate back to the period on or before the date of the ALJ's decision."); *Szubac v. Sec'y of Health & Human Servs.*, 745 F.2d 831, 833 (3d Cir. 1984).

Nothing in the new psychological evaluation indicates that it relates back to the period for which the benefits were denied.  The evaluation was conducted on February 20, 2010, more than a year after the final decision of the ALJ at issue in this case.  *See* Supplemental Supporting

Psychological Evaluation, Ex. 3 (Dkt. No. 18.)  While the report of this evaluation points to Plaintiff's injuries from 2001 as the source of her mental impairments, it does not indicate that her impairments existed at the time of the ALJ's final decision.  *Id*.  Her current mental impairments may have been the result of deterioration that occurred after the ALJ's final decision.  *See Sanchez v. Health & Human Servs.*, 812 F.2d 509, 512 (9th Cir. 1987) ("The new evidence indicates, at most, mental deterioration after the hearing, which would be material to a new application, but not probative of his condition at the hearing."). Furthermore, the ALJ relied on a psychological evaluation conducted prior to the final decision at issue in this case to determine that Plaintiff was not disabled.  *See* ALJ's Record, Exs. 1-11 (Dkt. No. 5.)  Plaintiff has not shown the court that the psychological evaluation conducted in February 2010 relates to the period for which the benefits were previously denied.

      Plaintiff has also failed to show good cause for why the psychological evaluation evidence was not included in the record before the initial ALJ.  In *Wilson v. Astrue*, the Tenth Circuit refused to remand a case under sentence six when the plaintiff failed to "show why she could not have obtained and submitted [her therapist's] opinions to the ALJ or, at the least, the Appeals Council" prior to the final determination that she was not disabled.  602 F.3d 1136, 1149 (10th Cir. 2010). *See also Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 149 (3d Cir. 1996) (plaintiff failed to show "good cause" when only explanation for failing to obtain a psychological evaluation prior to the ALJ's final decision was that his legal representative was not sufficiently acquainted with him).

      Plaintiff has provided the court with no explanation for her failure to obtain a psychological evaluation revealing her impairments prior to the final decision of the ALJ at issue in this case.

Without finding good cause for the absence of the favorable psychological report from the record before the initial ALJ, the court cannot remand the case under sentence six.

## CONCLUSION

The court hereby APPROVES AND ADOPTS the Report and Recommendation issued by Judge Warner in its entirety and DENIES Plaintiff's motion to remand the case to the Commissioner.

DATED this 7th day of February, 2012.

BY THE COURT:

_____
Clark Waddoups
United States District Judge